UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION,

Plaintiffs,

-against-

DUNCAN PARTNERS, LLC and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA,

Defendants.

19 CV _____

**COMPLAINT**

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action pursuant to section 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), to recover delinquent employer contributions to a group of employee benefit plans and to recover delinquent contributions pursuant to a payment bond.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.       Venue is proper in this judicial district pursuant to 29 U.S.C. 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

**THE PARTIES**

4.       Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining, and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA.  The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.       Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.       Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together with the ERISA Funds and the Charity Fund, the "Funds" or "Plaintiffs") is a New York not-for-profit corporation.

7.       Defendant Duncan Partners, LLC ("Duncan") is a company incorporated in and authorized to conduct business in the State of New York, with its principal place of business located at 20 Dubon Court, Farmingdale, New York 11735.

8.       Defendant Travelers Casualty and Surety Company of America ("Travelers") is a corporation authorized to do business within the insurance industry in the State of New York. Travelers has a statutory home office at One Tower Square, Hartford, Connecticut 06183.

**STATEMENT OF FACTS**

9. At all relevant times, Duncan was a party to or otherwise bound by a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

10. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

11. The CBA required Duncan to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

12. Duncan failed to remit all required contributions to the Funds in connection with Covered Work it performed on the project titled "Drywall/Carpentry/Ceiling @ MMC Core & Shell" (the "Project") located at 4813 Ninth Avenue, Brooklyn, New York 11220, for the period of at least April 2019 through June 2019.

13. Based on the Funds' calculations, Duncan owes contributions for work performed on the Project in the amount of at least $186,186.01.

14. Travelers issued payment bond no. 106210506 (the "Payment Bond") guaranteeing payment of all wages and benefits owed by Duncan, in connection with work performed on the Project.

15. By issuing the Payment Bond, Travelers assumed liability for the payment of all contributions owed by Duncan in connection with work they performed on the Project.

### FIRST CLAIM FOR RELIEF AGAINST DUNCAN
*Unpaid Contributions Under 29 U.S.C. § 1145*

16. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

17. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

18. The CBA requires that Duncan make contributions to Plaintiffs for all Covered Work it performed on the Project.

19. Duncan failed to remit contributions to the Plaintiffs for work performed by its employees for at least April through June 2019 in the amount of $186,186.01.

20. Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Duncan is liable to Plaintiffs for: (1) unpaid contributions in the amount of at least $186,186.01; (2) interest, liquidated damages, and reasonable attorneys' fees, and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

### SECOND CLAIM FOR RELIEF AGAINST DUNCAN
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

21. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

22. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

23. Duncan violated the terms of the CBA when it failed to pay all contributions due and owing for work it performed on the Project.

24. As a result of Duncan's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

### THIRD CAUSE OF ACTION AGAINST TRAVELERS
*Common Law Claim Against the Bond*

25. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26. Travelers issued a common-law bond on the Project.

27. Pursuant to the common-law bond, Travelers guaranteed the payment of benefits to Duncan's employees on the Project and thereby assumed joint and several liability with Duncan to pay any and all benefits due and owing as a result of Duncan's failure to pay benefits for work performed on the Project.

28. Duncan failed to make all required benefit payments to Plaintiffs for work performed by its employees on the Project.

29. Therefore, under the common-law bond and pursuant to the principles of common-law suretyship, Travelers is required to make payment to the Plaintiffs for all contributions due and owing by Duncan, plus interest, on the Project.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

   i. Award judgment in favor of Plaintiffs and against Duncan for its failure to pay Plaintiffs all contributions required by the CBA and/or for its failure to pay Plaintiffs all contributions owed on the Project;

   ii. Award judgment in favor of Plaintiffs and against Duncan for its failure to pay all contributions in the amount of at least $186,186.01;

iii. Order Duncan to pay Plaintiffs all delinquent contributions, interest on unpaid contributions, liquidated damages, attorneys' fees, and collection costs incurred by Plaintiffs in connection with the Project;

iv. Award judgment in favor of Plaintiffs and against Travelers for the amount of all contributions owed by Duncan for work they performed on the Project, plus interest; and

v. Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      August 30, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____  
Charles R. Virginia, Esq.  
Nicole Marimon, Esq.  
40 Broad Street, 7th Floor  
New York, NY 10004  
Tel: (212) 943-9080  
nmarimon@vandallp.com  
*Attorneys for Plaintiffs*